CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 7 2020

JULIA C. DUDLEY, CLERK
BY: A Beeson
DEPUTY CLERK

Pg. 1

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF VIRGINIA
Roanoke Division


MARQUIS ROBERT WILSON
   Plaintiff

V.                          Case No. 7:20cv533
Harold W. Clarke, et, al.,
   Defendants


## MOTION NOT TO DISMISS


COME NOW, Marquis Wilson, ("Plaintiff") pro se, and
respectfully moves this Honorable Court pursuant to
the provisions of Rule 12(?)(?) of the Federal Rules of
Civil Procedure, respectfully move this Honorable Court not to
dismiss the claims for the reasons set forth in the Memorandum

## MEMORANDUM IN SUPPORT OF PLAINTIFF NOT
TO DISMISS

## PRELIMINARY STATEMENTS

Plaintiff ("Marquis Wilson") is an inmate who is currently housed at Buckingham Correctional Center (BKCC), a Virginia Department of Corrections ("VDOC") facility. Mr. Wilson is currently suffering from Hearing Impairment, Vision Impairment, PTSD, Biplor, Schizophrenia, and (Memory Loss) caused by an attack by officers and inmates at ("VDOC") prior facility.

## FACTUAL ALLEGATIONS

1. I Wilson was put in segregation on or about DEC 7, 2019 because classification had no accessible cells or beds available.
2. I Wilson did sent a request to Dr. Quinn asking about my conditions listed in my files due to the facts that my single cell status was changed amongst other things.
3. The response indicated was in my files and on record in Coris with the VDOC.
4. Dr. Quinn and the Administration at Buckingham choose to override security concerns and place me in general population with a violent cell mate whereas I was attacked and hurt.
5. I Wilson was attacked by Officers and Inmates.
6. While at Buckingham I Wilson did speak with ADA Coordinator Mr. Sink and other Administrative employees who choose to disregard concerns that further caused pain and suffering.

7. Mr. Sink did explain and said that no special treatment would be offered at Buckingham despite my memory loss, hearing/vision impairment.

8. I Wilson was told that my ID which indicates that I am disabled will not be appropiate at BKCC due to the fact that it is a (Standing Post).

9. I Wilson did file multiple complaints claiming that I was denied services offered to similarly situated inmates alike.

10. I Wilson did speak with Mr. Sink who explained that I was being medically reevaluted at the request of Mr. Barry Marano the Statewid A.D.A. Coordinator.

11. An appointment was made with Dr. Ohai who examined me and steted no accommodation necessary.

12. Other complaints claiming that I was denied services followed.

13. Soon after I was attacked by other inmates.

14. I Wilson then spoke with Head of Security Defendant Major Goldman who explained that it was "over his head".

15. I Wilson then spoke with both defendants Lead Warden Mr. Woodson and Assistant Mr. Snoody about my concerns in which they both dismissed.

16. They both told me that they would get back to me but never did.

17. I Wilson was then told to speak with defendants Mrs. Trent and Mrs. Bryant who both directed me bact to Mr. Sink, who soon retired.

Pg. 4

## ARGUMENTS

### A. Legal Standards

The Plaintiff Mr. Marquis Robert Wilson fights this case mainly under the VRA and the ADA due to the fact that he is disabled which non of the Defendants deny, Furthermore while fighting this case under Lock Down due to the Pandemic (COV-19). Mr. Wilson has no access to the Law Library as the Defendant's lawyer and has to rely on jailhouse lawyer's which federal law prohibits non attorneys from representing other individuals in matters before the court.

### B.

Under the ADA 28 CFR § 35. 152 (b)(1) Public entities shall ensure that qualified inmates or detainees with disabilities shall not because a facility is inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity.

(2) Public entities shall ensure that inmates or detainees with disabilities are housed in the most integrated setting appropiate to the needs of the individuals.

(i) Shall not place inmates or detainees with disabilities in inappropiate security classifications because no accessible cells or beds are available;

(ii) Shall not place inmates or detainees with disabilities in facilities that do not offer the same programs as the facilities where they would otherwise be housed.

Which the Defendants are all in violation of

C. Mr. Wilson even though failed to mention Defendants Clarke or Amonette would like to point out that both are responsible for establishing the policies, practices, and regulations for the conduct of the VDOC's employees and was responsible for the hiring, training, supervision, discipline, and control of all members of which the VDOC's employees.

D. Neither Defendants argues that Plaintiff Mr. Wilson has or is disabled but rather accommodations was not afforded to him.

E. Mr. Wilson would like to point out that the term "disability" means, with the respect to an individual;

  1. a physical and/or mental impairment that substantially limits one or more major life activities of such individual;

  2. a record of such an impairment; or

  3. being regarded as having such an impairment.

By say this the Defendants especially the Statewide ADA Coordinator Mr. Barry Marano chose to have plaintiff reevaluated violating Federal law which he knew in his position is prohibited. Once diagnosed or it is said to have such conditions by medical doctors in which none of Defendants are; (diagnosis) are final unless cured by a medical doctor.

F. Even though Mr. Sink the ADA Coordinator who is no longer employed with the VDOC; he is responsible for any said injuries caused by inmates due to the fact that he knew or should have known of the criteria.

17. I Plaintiff will also state or remind Defendants of 28 CFR § 36.206 (Retaliation) or coercion.

(a) No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part.

(b) No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in exercise or enjoyment of, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.

18. I plaintiff did filed lawsuit prior to arriving to Buckingham and a complaint with the (DOJ) against Mr. Barry Marano who had made it his job to deny me accommodations afforded to others who were similarly situated which violate my (fourteenth Amendment) rights.

19. I believe that all Defendants involved are in violation of the (Fifth Amendment) which is Equal Protection Clause which requires equal protection standards.

Pg. 7

20. In the 1994 case Farmer v. Brennan, the Supreme Court held that the United States Constitution gives inmates a right to be protected from assaults by other inmates. For inmates incarcerated in a state penal system the right is based on the (Due Process Clause) of the fourteenth Amendment also including the Eighth Amendment Cruel and Unusual Punishment.

In conclusion I pray this Court does not grant the Defendants involved either directly or indirectly a chance for dismissal.

Notary

Stacy Meinhard _____ Date 11-30-2020

*STACY MEINHARD*
*NOTARY*
*PUBLIC*
*REG. #308331*
*MY COMMISSION*
*EXPIRES*
*10-31-2021*
*COMMONWEALTH OF VIRGINIA*

Sign

_____ Date Nov 30, 2020

MARquis Wilson #1435580

BKCC

Po Box 430

Dillwyn, VA. 23936

United

OFFICE

210 FRAN

Roanoke

MAILED

DEC 04 2020

Buckingham Correctional Center
Mailroom

"Legal Mail"

States District Court

OF tHE CleRk

clin RD. RM 540

, VA. 24011