IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

MARQUIS ROBERT WILSON,

    Plaintiff,

v.                                        CASE NO.  7:20cv533

HAROLD W. CLARKE, *et al.*,

    Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants J. Lynchard and Mr. G. Sink, by counsel, hereby submit the following in support of their Motion to Dismiss. Defendants respectfully request that this Court dismiss Plaintiff's claims for the reasons explained below.

**Preliminary Statement**

Plaintiff Marquis Wilson ("Wilson" or "Plaintiff") is an inmate who is currently housed at Buckingham Correctional Center ("Buckingham"), a Virginia Department of Corrections ("VDOC") facility. Wilson's Amended Complaint (Dkt. No. 11) is disjointed and somewhat incoherent. It appears Wilson takes issue with the lack of training for VDOC employees (Am. Compl. p.3),[1] the issuance of a "standard" ID card rather than a "disability ID," an attack upon his person by other inmates, and various officials who failed to follow up with him regarding his complaints. Am. Compl. p. 4. Wilson's Amended Complaint is devoid of any reference to any statute, constitutional provision, or any provision of law which he alleges any defendant has violated. The Amended Complaint fails utterly to outline what claims are to be brought against

---

[1] Citations to the Amended Complaint are to the ECF-assigned page numbers on the document because citing to paragraph numbers is not possible.

1

which defendants. Other than stating that he was put in segregation on December 7, 2019 and that he spoke to Defendant Sink on January 3, 2020, and he filed a complaint on January 9, 2020 (Am. Compl. p. 3), Wilson fails to allege the dates of various other actions taken by the defendants, how these actions are related, and most importantly, how any one of these defendants caused him any harm. Wilson's Amended Complaint fails to state a claim and it should be dismissed.

## Factual Allegations[2]

1. Wilson "was put in segregation" on or about December 7, 2019 because "classification had no accessible cells or beds available." Am. Compl. p. 3.

2. Wilson sent a request to Dr. Quinn asking about conditions listed in his file. Am. Compl. p. 3.

3. "The response indicated that [Wilson's] files did not contain certain diagnosis [sic]." Am. Compl. p. 3.

4. Wilson was then placed in general population with a violent cell mate. Am. Compl. p. 3.

5. Wilson is vision and hearing impaired, suffers from schizophrenia, PTSD, bipolar disorder, and memory loss "caused by an attack and coma at a prior facility." Am. Compl. p. 3.

6. While at Buckingham, Wilson spoke to Sink about the lack of ADA training for employees. Am. Compl. p. 3.

7. Sink told Wilson that he would get no special treatment at Buckingham because he was hearing and vision impaired. Am. Compl. p. 3.

---

[2] Defendants must accept Wilson's factual allegations as true solely for purposes of this Memorandum. Defendants do not, however, admit that the facts are as Wilson alleges them to be.

8. Wilson "was then told" to hand over his "disability ID" and given a "standard ID."

9. He filed a complaint on January 9, 2020 complaining that he was "denied services offered to similarly situated inmates alike." Am. Compl. p. 3.

10. Wilson spoke again to Sink who told Wilson he was being medically reevaluated at the request of Defendant Marano. Am. Compl. p. 3.

11. Wilson then made an appointment with Dr. Ohai who examined him and stated "no accommodations necessary." Am. Compl. p. 3.

12. Wilson filed another complaint. Am. Compl. p. 3.

13. Soon after he was attacked by inmates. Am. Compl. p. 3.

14. Wilson then spoke with Defendant Goldman who said this was "over securities [sic] head." Am. Compl. p. 3.

15. Wilson then spoke with both the lead warden and assistant warden, Woodson and Snoddy. Am. Compl. p. 3.

16. They told Wilson they would get back to him but never did. Am. Compl. p. 3.

17. Wilson was then told to speak with Trent and Ms. Byrant who both directed him back to Sink, who soon retired. Am. Compl. p. 3.

## Argument

### A. Legal Standards

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. U.S.*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a Rule 12(b)(6) motion to dismiss, the non-moving party's complaint must allege facts that "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). But "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557). While a court should assume the veracity of well-pleaded factual allegations, conclusory statements are not sufficient. *Id.* at 663-64. A plaintiff's complaint must raise more than a "sheer possibility" that the defendants have "acted unlawfully." *Iqbal*, 556 U.S. at 678. Stated differently, as complaint must give the defendants "fair notice" of both the claims against them "*and the grounds upon which [they] rest[]*." *Twombly*, 550 U.S. at 555 (emphasis added) (omission in original) (internal quotations omitted).

**B.     Wilson Fails to State a Claim Upon Which Relief can be Granted**

Wilson's Amended Complaint is disjointed, lacks context, and fails to mention any statute or constitutional amendment that he believes any of the defendants violated. Wilson seems to take issue with a diagnosis that was not listed in his medical records; the fact that VDOC employees are not – in his opinion – adequately trained on the ADA; the fact that Mr. Sink told him he would get no "special treatment;" and that some defendants stated they would get back to him and did not. What is completely missing from this Amended Complaint, however, is any mention of any legal violation whatsoever. And from the utter lack of facts or context, it is impossible for Defendants to discern one.

It is true that in "Claim # 2" Wilson mentions a Dr. John Doe who told Wilson he was ordering an EEG and did not. Am. Compl. p. 4. Wilson then concludes that this was "failure to

4

provide adequate medical treatment! (retaliation)." Am. Compl. p. 4. These allegations fail to state any sort of claim against the defendants represented here.

In "Claim # 3" Wilson says that he filed a lawsuit and lost, and that since then, he's been "stripped of all accommodations and beaten. (retaliation)." Am. Compl. p. 4. Again, this "claim" fails to allege anything that any of the represented defendants did to Wilson. He fails to state what "accommodations" this unknown person "stripped" from him, or how this was related in any way to a prior failed lawsuit he filed three years ago.

District courts – and Defendants' counsel, for that matter – "are not mind readers" and the liberal construction of *pro se* complaints "does not require courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Here, it is entirely unclear how any of the defendants is purportedly responsible for any harm that befell Wilson, to the extent any harm can even be discerned from his Amended Complaint. Wilson's Amended Complaint fails to raise more than a "sheer possibility" that Defendants have "acted unlawfully," and, therefore, fails to state a plausible claim for relief against them.  *Iqbal*, 556 U.S. at 678.  The Amended Complaint fails to give Defendants "fair notice" of the claims against them "and the grounds upon which [they] rest[]." *Twombly*, 550 U.S. at 555 (omission in original) (internal quotations omitted).  Wilson's claims should be dismissed.

## Conclusion

Wilson's Amended Complaint fails to state a claim for relief for the reasons outlined herein. It fails to describe how the defendants harmed Wilson or how they are legally liable for their actions. The Amended Complaint fails to state any sort of claim and should be dismissed. Defendants respectfully ask this Court to dismiss all of the claims against them.

Respectfully submitted,

J. LYNCHARD and MR. G. SINK

By: <u>        s/Laura Maughan        </u>
Laura Maughan, VSB #87798
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 786-0030
(804) 786-4239 (Fax)
Email:  lmaughan@oag.state.va.us

**CERFIFICATE OF SERVICE**

I hereby certify that on the 7th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following: n/a.

I also hereby certify that I have sent the document, postage prepaid, to the following non-CM/ECF user:

Marquis Wilson, #1435580
Buckingham Correctional Center
P.O. Box 430
Dillwyn, VA 23936

s/Laura Maughan
Laura Maughan, VSB #87798
Assistant Attorney General